UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**PETER J. REA,**

                **Plaintiff,**

                v.

**NEW YORK STATE
DEPARTMENT OF
TRANSPORTATION,**

                **Defendant.**

1:18-cv-346
(GLS/CFH)

_____

## SUMMARY ORDER

Pending is defendant New York State Department of Transportation's (DOT) motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). (Dkt. No. 9.) For the reasons below, the motion is granted as to 12(b)(1) and denied as moot as to 12(b)(6).

Peter Rea brought this action "pursuant to the Age Discrimination in Employment Act [(ADEA)] . . . for employment discrimination based on age," including failure to promote and retaliation. (Compl., Dkt. No. 1 ¶¶ 4, 6.) He alleges that DOT failed to promote him because of his age, favored younger, less experienced employees, and retaliated against him by, among other things, physically relocating and isolating him, as well as

doubling his workload. (*Id.* at 6-7 (CM/ECF-generated page numbers).)

DOT argues that this court lacks subject matter jurisdiction because Rea's claims are barred by the Eleventh Amendment. (Dkt. No. 9, Attach. 1 at 4-5.) Nothing in Rea's response, (Dkt. No. 17), controverts that argument, and the court agrees with DOT.[1]

"The DOT is an agency and an arm of New York State entitled to the protections of the Eleventh Amendment." *Sawyer v. N.Y. State Dep't of Transp.*, No. 11 Civ. 9103, 2012 WL 86526, at *1 (S.D.N.Y. Jan. 11, 2012) (internal citation omitted). Sovereign immunity under the Eleventh Amendment has not been abrogated for purposes of the ADEA. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91-92 (2000); *Skalafuris v. City of New York*, 444 F. App'x 466, 468 (2d Cir. 2011); *Nicolae v. Office of Vocational & Educ. Servs. for Individuals with Disabilities*, 257 F. App'x 455, 456-57 (2d Cir. 2007). And "Eleventh Amendment immunity precludes a plaintiff from seeking any relief against states and state agencies[.]" *Hamzik v. Office for People with Developmental Disabilities*, 859 F. Supp. 2d 265,

---

[1] Faced with a Rule 12(b)(1) motion, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

275 (N.D.N.Y. 2012) (citing *Cory v. White*, 457 U.S. 85, 90-91 (1982)). The court thus dismisses Rea's claims for lack of subject matter jurisdiction. *See Nicolae*, 257 F. App'x at 456.

DOT also argues that Rea's claims are untimely and fail to state a claim under Rule 12(b)(6). (Dkt. No. 9, Attach. 1 at 5-11.) However, as Rea's claims are dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, there is no need to address DOT's other arguments for dismissal. *See Barry v. Curtin*, 993 F. Supp. 2d 347, 353 n.1 (E.D.N.Y. 2014); *Reynolds v. Blumenthal*, No. 3:4cv218, 2006 WL 2788380, at *12 (D. Conn. Sept. 26, 2006).

Moreover, "amendment here would be futile given the Eleventh Amendment immunity enjoyed by defendant." *Glover v. State Univ. of N.Y. at Buffalo*, No. 8CV418, 2009 WL 857514, at *3 (W.D.N.Y. Mar. 27, 2009) (denying *pro se* plaintiff's motion to amend); *see Harrison v. New York*, 95 F. Supp. 3d 293, 305-06 (E.D.N.Y. 2015) (dismissing *pro se* claims without leave to replead because sovereign immunity rendered amendment futile). Thus, Rea's claim is dismissed with prejudice.

Accordingly, it is hereby

**ORDERED** that DOT's motion to dismiss pursuant to Rule 12(b)(1)

(Dkt. No. 9) is **GRANTED**; and it is further

 **ORDERED** that DOT's motion to dismiss pursuant to Rule 12(b)(6) (Dkt. No. 9) is **DENIED AS MOOT**; and it is further

 **ORDERED** that Rea's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

 **ORDERED** that the Clerk close this case; and it is further

 **ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

March 28, 2019  
Albany, New York

Gary L. Sharpe  
U.S. District Judge